IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALIK LUCIEN EANES-EL, a/k/a          *
LUCIEN CLARKE WATTS-EL, #39984-083
                                      *
       Plaintiff
                                      *
    v.                              CIVIL ACTION NO. L-11-2674
                                      *
BUREAU OF PRISONS, et al.
                                      *
       Defendants
                                        *******

MEMORANDUM OPINION

    Pending is the Motion of Defendants, the Bureau of Prisons, Warden J.F. Caraway, and SIS Technician D. Buterbaugh, to Motion to Dismiss or for Summary Judgment (ECF No. 6). The Court has reviewed Plaintiff's response (ECF No. 11), Defendants' Reply (ECF No. 13) and Plaintiff's Surrpely (ECF No. 14).[1] Upon review of papers and exhibits filed, the Court finds oral hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2011).

**Background**

    Plaintiff alleges that on August 25, 2011, he sent five documents to the Clerk of the Circuit Court for Allegany County, Maryland to be "County Certified." He states that on August 30, 2011, the documents were returned to him by the Court Clerk. On September 2, 2011, D. Buterbaugh, an SIS Technician, put a note on the letter from the clerk's office advising Plaintiff that the documents accompanying the letter were contraband and would not be returned to him. ECF No. 1. Plaintiff alleges that the actions of Buterbaugh were improper and interfered with his right to access the courts. Id.

---

[1]     Defendants' Motion for Extension of Time (ECF No. 12) shall be granted nunc pro tunc.

The uncontroverted record demonstrates that on September 26, 2011, Plaintiff filed an administrative remedy request concerning his claim that SIS staff improperly confiscated his legal documents. ECF No. 6, Littlejohn Declaration & Att. C. The Warden denied Plaintiff's request for administrative remedy on October 5, 2011. Id. Plaintiff timely submitted a request to the Bureau of Prisons' Mid-Atlantic Regional Office seeking review of the Warden's denial of his request for remedy. Id. Plaintiff does not dispute that he has not yet completed administrative review of his claim.[2] ECF No. 14.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247–48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

---

[2] Plaintiff's claim that he is entitled to a default judgment is erroneous. Defendants properly responded to the complaint by filing a dispositive motion.
   The Court also rejects Plaintiff's claim that Defendants committed fraud upon the Court concerning the minor differences in the response to inmate form submitted to the Court in support of Buterbaugh's affidavit and the one supplied to Plaintiff. Buterbaugh has explained the differences in the form as an error in computing/word processing. The information conveyed to Plaintiff is not materially in dispute.

that there is a genuine issue for trial.' " Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility."  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644–45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986)).

## Analysis

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions.[3]  Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  A claim that has not been exhausted may not be considered by this Court.  See Jones v. Bock, 549 U.S.

---

[3] It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to general conditions of confinement claim.  See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).

199, 220 (2007).

Administrative remedies must, however, be available to the prisoner, and this Court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. See Woodford v. Ngo, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. Id. at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. See Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Thus, Plaintiff's claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. See Chase v. Peay, 286 F. Supp. 2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. See Chase, 582 F. Supp. 2d at 530; Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943–44 (D. Md. 1997) (dismissing federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the Bureau of Prisons' grievance process); Booth v. Churner, 532 U.S. 731, 735 (2001) (affirming

4

dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

      The BOP has established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. See 28 C.F.R. § 542.10 et seq. An inmate may first attempt informal resolution. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within 20 calendar days of the Warden's response. See 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, D.C. The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. See id. An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. See 28 C.F.R. § 542.15(a).

      The uncontroverted evidence shows that Plaintiff has not yet exhausted available administrative remedies. As such, his claim here is premature and is subject to dismissal. Plaintiff has failed to demonstrate that exhaustion of administrative remedies is futile or

otherwise unavailable.  His case must be dismissed.

## **Conclusion**

For the reasons stated herein, Defendants' Motion to Dismiss or for Summary Judgment will be granted.  A separate order follows.


March 30, 2012                                                            /s/
                                                            _____
                                                            Benson Everett Legg
                                                            United States District Judge